Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

Steffan T. Keeton (*pro hac vice* to be sought)
**The Keeton Firm LLC**
100 S Commons, Suite 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE WIGHTMAN, individually and on behalf of others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>BEANFIELDS PBC, a Delaware corporation,<br><br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff Anne Wightman ("Plaintiff") brings this action, individually and on behalf of all others similarly situated, against Defendant Beanfields, PBC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This case arises out of Defendant's deceptive, misleading, and unlawful practices with respect to its marketing and sale of its Beanfields® Bean Chips which are sold in a variety of flavors (collectively, the "Product" or "Products").[1]

2.      Defendant manufactures and sells its Products throughout the United States in a variety of physical and e-commerce stores.

3.      Defendant's marketing stresses the importance of protein consumption, the health benefits of beans, and the high-protein and high-fiber nature of its Products.

4.      Notably, all Products are labeled as "PACKED WITH PROTEIN & FIBER" despite being neither high in protein nor high in fiber.

5.      Moreover, in violation of federal regulations, Defendant attempts to perpetuate this deception by prominently making protein claims on the Principal Display Panel and the back of the packaging while also omitting the Percent Daily Value for protein in the Nutrition Facts panel on the Products' labels.

---

[1] At the time of this filing, the following Beanfields® products are included in this definition: Spicy Queso Bean Chips; Black Bean & Sea Salt Bean Chips; Cheddar Sour Cream Bean Chips; Jalapeño Lime Bean Chips; Himalayan Salt & Vinegar Bean Chips; Jalapeño Nacho Bean Chips; Himalayan Pink Salt Bean Chips; Nacho Bean Chips; Sea Salt Bean Chips; Barbecue Bean Chips; Pico De Gallo Bean Chips. This definition is not exhaustive, and shall include all of Defendant's products that are similarly deceptively marketed.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-1-

COMPLAINT

6.      Additionally, in violation of federal regulations, Defendant attempts to deceive by prominently making fiber claims on the Principal Display Panel and the back of the packaging while also falsely stating the Percent Daily Value for the fiber content contained in the Nutrition Facts panel on the Products' labels. Further, Defendant omits a required disclosure statement concerning total fat which puts the fiber claims in proper context.

7.      Plaintiff and other reasonable consumers purchased the Products believing that they were accurately represented. Specifically, Plaintiff and reasonable consumers believed that the Products contained accurate label information and representations. Plaintiff and other reasonable consumers would not have purchased the Products if they had known about the misrepresentations and omissions, or would have purchased them on different terms.

8.      Plaintiff brings this action individually and on behalf of those similarly situated and seeks to represent a National Class and a Pennsylvania Subclass. Plaintiff seeks damages, interest thereon, reasonable attorneys' fees and costs, restitution, other equitable relief, and disgorgement of all benefits Defendant has enjoyed from its unlawful and deceptive business practices, as detailed herein. In addition, Plaintiff seeks injunctive relief to stop Defendant's unlawful conduct in the labeling and marketing of the Products.

## **PARTIES**

9.      Plaintiff is a citizen of Pennsylvania, residing in Allegheny County who purchased the Products during the class period, as described herein. Plaintiff's claim is typical of all Class members in this regard. In addition, the advertising and labeling on the package of the Products purchased by Plaintiff, including the representations, is typical of the advertising and labeling of the Products purchased by members of the Class. As recently as June 2020, Plaintiff purchased Defendant's Nacho Bean Chip at a price of $3.99 per bag.

10.     Defendant is a Delaware corporation with its principal place of business in Los Angeles, California. From its California headquarters, Defendant produces, markets

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-2-

COMPLAINT

and distributes its consumer food products in retail stores across the United States including stores physically located in the State of California and in this district.

11. Whenever reference is made in this Complaint to any representation, act, omission, or transaction of a defendant, that allegation shall mean that the defendant did the act, omission, or transaction through its officers, directors, employees, agents, and/or representatives while they were acting within the actual or ostensible scope of their authority.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendant. Defendant's headquarters is located within the State of California. Further, Defendant purposefully avails itself of the California consumer market and distributes the Products to many locations within this District and hundreds of retail locations throughout the State of California, where the Products are purchased by hundreds of consumers every day.

13. This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

14. Venue is proper in this District under 28 U.S.C. § 1391(a). Plaintiff's purchases of Defendant's Products, substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District and the Defendant conducts business in this District.

\\

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

# FACTUAL ALLEGATIONS

### A.    Defendant Manufactures, Labels, and Advertises the Products

15.    Defendant manufactures, labels, and advertises the Beanfields® bean chip Products.

16.    Defendant markets and labels the Products with the representations as described herein. While the following example shows the Nacho flavor, all of the Products contain the same representations concerning protein and fiber. Specifically, all Products contain: (1) protein and fiber content claims on the front of each Products' labels, (2) the claim that each product is "PACKED WITH PROTEIN & FIBER," (3) the omission of a disclosure statement concerning total fat which puts the fiber claims in proper context, (4) the false representation of the Percent Daily Value for fiber in the Nutrition Facts panel, and (5) the omission of the Percent Daily Value for protein in the Nutrition Facts panel.

17.    The following images display the front label, the back label, and an enlarged Nutrition Facts panel from the back label:

-4-

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-5-

COMPLAINT



MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

18.   On the front label, as shown above, the Defendant prominently represents that the product contains "4 GRAMS PROTEIN per serving" and "4 GRAMS FIBER per serving."

19.   On the rear label, as shown above, the Defendant prominently represents that the product is "PACKED WITH PROTEIN & FIBER."

20.   In the Nutrition Facts panel, as shown above, the Defendant notably omits the Percent Daily Value for protein.

## B. Defendant Violates Identical Federal and State Regulations

### a. Federal and State Regulations are Identical

21.   The FDA oversees the regulation and labeling of food pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA").

22.   California's Sherman Food, Drug and Cosmetic Law, Cal. Heath & Saf. Code § 110765 et seq. (the "Sherman Law"), incorporates all food labeling regulations promulgated by the FDA under the FDCA. *See e.g.*, Cal. Heath & Saf. Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state."), § 110380 and § 110505.

23.   Pennsylvania's Food Safety Act states: "All regulations and supplements thereto or revisions thereof adopted under the Federal acts which relate to food on, before or after the effective date of this subchapter are adopted as regulations in this Commonwealth." 3 Pa. Stat. and Cons. Stat. Ann. § 5733.

24.   Additionally, the Food Safety Act mandates that all regulations thereunder, must "be construed in a manner that is consistent with the Federal acts and regulations promulgated under those acts." 3 Pa. Stat. and Cons. Stat. Ann. § 5736. Specifically, "food standards and labeling requirements" must be consistent with Federal regulations. *Id.*

### b. Regulations Governing the Labeling of Food Products

25.   21 U.S.C. § 343 addresses misbranded food and states that a "food shall be deemed to be misbranded – (a) If (1) its labeling is false or misleading in any particular,

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

or (2) in the case of a food to which section 350 of this title applies, its advertising is false or misleading in a material respect or its labeling is in violation of section 350(b)(2) of this title." *See* 21 U.S.C. § 343(a).

26.     All Products contain 4 grams of protein and fiber.

27.     All Products make nutrient content claims concerning the protein and fiber content.

28.     Reasonable consumers, including Plaintiff, believe that the term "PACKED WITH PROTEIN" means that the products are "high" in protein or constitute an "excellent source" of protein.

29.     This consumer belief is consistent with FDA regulations that provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient – 10 grams or more per serving for protein. *See* 21 C.F.R. § 101.54; 21 C.F.R. § 101.9(c)(7)(iii).

30.     To make a claim that a food is "high" in protein, the foods must meet a certain level of Reference Daily Intake (RDI) or Daily Reference Value (DRV). For example, 21 C.F.R. § 101.54 requires that the "food contains 20 percent or more of the RDI or the DRV per reference amount customarily consumed." For protein, the FDA has established that the RDI or DRV for adults and children over 4 years old is 50 grams. 21 C.F.R. § 101.9(c)(7)(iii).

31.     Generally, a manufacturer is not required to include the DRV for protein. However, when a product's label makes a nutrient content claim related to protein content, the manufacturer is required to include the DRV.[2]

---

[2] 21 C.F.R. § 101.9(c)(7) and *see Guidance for Industry: A Food Labeling Guide*, U.S. FOOD & DRUG ADMINISTRATION, https://www.fda.gov/files/food/published/Food-Labeling-Guide-%28PDF%29.pdf at N22 ("The percent of the DRV is required if a protein claim is made for the product or if the product is represented or purported to be for use by infants or children under 4 years of age.") (last visited July 6, 2020).

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

32.     All Products referenced in Paragraph 1 fail to include the Percent Daily Value for protein.

33.     At most, the Products contain only 40% of the protein content required to substantiate high protein claims.

34.     By artfully omitting the DRV for protein, the Defendant is able to mislead and deceive consumers that the Products are excellent sources of protein.

35.     Reasonable consumers, including Plaintiff, believe that the term "PACKED WITH FIBER" means that the products are "high" in fiber or constitute an "excellent source" of fiber.

36.     This consumer belief is consistent with FDA regulations that provide a benchmark for the ability to claim that a food product is "high," "rich in," or "excellent source of" a particular nutrient – 5.6 grams or more per serving for fiber. *See* 21 C.F.R. § 101.54; 21 C.F.R. § 101.9(c)(9).

37.     The Products contain only 71% of the fiber content required to substantiate high fiber claims.

38.     All Products referenced in Paragraph 1 falsely state the Percent Daily Value for fiber.

39.     In the Nutrition Facts section of each Product, the fiber content is listed as 16% of the DRV for fiber. However, when accurately calculated, each serving represents only 14% of the DRV for fiber.

40.     Further, if a product bears a nutrient content claim related to the level of dietary fiber therein, and the product is not low in total fat, then the level of total fat must be disclosed in immediate proximity to the claim. *See* 21 C.F.R. § 101.54(d).

41.     To qualify as low in total fat, the item must not exceed 3g of total fat per serving. *See* 21 C.F.R. § 101.62.

42.     Each of the Products contains twice this amount.

43.     Each of the Products fails to contain the required disclosure statement concerning the amount of total fat which must be placed in close proximity to the fiber

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

related claims on the packaging.

44.   Despite containing only deficient amounts of protein and fiber, consumers are misled by Defendant's marketing, labeling, and advertising to believe that the Products are high in protein and fiber.

**c.   The Products Are Misbranded Under the Regulations Governing the Labeling of Food Products**

45.   The marketing of the Products as "PACKED WITH PROTEIN & FIBER" in a prominent location on the labels of all of the Products, throughout the Class Period, evidences Defendant's awareness that high protein and high fiber claims are material to consumers.

46.   To be clear, Plaintiff does not allege any claims pursuant to the FDCA and Sherman Law and relies on these regulations only to the extent they provide a predicate basis for liability under state and common law, as set forth herein.

**C. Plaintiff and Consumers Purchased the Products to Their Detriment**

47.   Plaintiff and the Class members reasonably relied to their detriment on Defendant's misleading representations and omissions.

48.   Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled the Plaintiff and the Class Members.

49.   In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay a premium for Products labeled high protein and fiber over comparable products not so labeled.

50.   For example, Beanitos produces a bean chip that does not make false, misleading, or deceptive representations concerning its protein and fiber content and sells its product for a significantly lower price.

51.   Further, despite including the same amount of protein and fiber in each serving as Defendant's Products, Beanitos includes the daily percentage value for protein,

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

does not represent that its product is high in protein or fiber anywhere on the packaging, properly discloses the fat content to put the fiber representations in context, and ultimately sells for a lower price than Defendant's Products. Specifically, Defendant's Products sell for 30% to 35% more than Beanitos' properly labeled and marketed product.[3]

52.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured the Plaintiff and the Class Members in that they:

a.  Paid a sum of money for Products that were not what Defendant represented;

b.  Paid a premium price for Products that were not what Defendant represented;

c.  Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant warranted; and

d.  Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented.

53.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased, and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products.

54.     Plaintiff and the Class Members paid for Products that were high in protein and fiber but received Products that were not high in protein and fiber. The products Plaintiff and the Class Members received were worth less than the Products for which they paid.

55.     Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products that are not represented as high in protein and fiber.

56.     Plaintiff and the Class Members all paid money for the Products. However, Plaintiff and the Class Members did not obtain the full value of the advertised Products

---

[3] Exhibit B compares images of Beanitos' product labels with Defendant's product labels.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

due to Defendant's misrepresentations and omissions. Plaintiff and the Class Members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## FACTS COMMON TO ALL CAUSES OF ACTION

57.     Consumers are focused on increasing the amount of protein and fiber in their diets. This increased demand indicates that consumers are willing to pay a premium for products labeled and marketed as high protein[4] and fiber.[5]

58.     Defendant's Products are manufactured, distributed, and marketed by Defendant and sold in drug, grocery, and other online and brick-and-mortar retail stores nationwide.

59.     Based on the language that appears on each product, Plaintiff reasonably believed that Products were high in protein and fiber."

60.     The phrase "PACKED WITH PROTEIN & FIBER" is a representation to a reasonable consumer that Defendant's Products are high in protein and fiber. The phrase is misleading to a reasonable consumer because Defendant's Products are neither high in protein nor high in fiber.

61.     Defendant knows (and knew) that consumers will pay more for a product marketed as high protein and fiber, and intended to deceive Plaintiff and putative Class

---

[4] *See* Brooks, Robert & Simpson, S.J. & Raubenheimer, David. (2010*). The price of protein: Combining evolutionary and economic analysis to understand excessive energy consumption.* Obesity Reviews : an official journal of the International Association for the Study of Obesity. 11. 887-94. 10.1111/j.1467-789X.2010.00733.x.

[5] Studies show that fiber representations have significant effects on consumer behavior and influence them to pay higher prices. *See* Ginon, Emilie & Lohéac, Youenn & Martin, Christophe & Combris, Pierre & Issanchou, Sylvie. (2009). *Effect of fibre information on consumer willingness to pay for French baguettes*. Food Quality and Preference. 20. 343-352. 10.1016/j.foodqual.2009.01.002.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

Members by labeling and marketing its Products as purportedly high-protein and high-fiber products.

## CLASS DEFINITIONS AND ALLEGATIONS

62.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself, on behalf of all others similarly situated, and as a member of the Classes defined as follows (collectively, the "Class"):

>  All citizens of the United States who, within the relevant statute of limitations periods, purchased Defendants' Products ("Nationwide Class");

>  All citizens of Pennsylvania, within the six years prior to the filing of the initial Complaint, purchased Defendants' Products ("Pennsylvania Subclass").

63.     Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers, and directors, those who purchased the Products for resale, all persons who make a timely election to be excluded from the Class, the judge to whom the case is assigned and any immediate family members thereof, and those who assert claims for personal injury.

64.     The members of the Class are so numerous that joinder of all Class Members is impracticable. Defendant has sold, at a minimum, tens of thousands of units of the Products to Class Members.

65.     There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the putative classes that predominate over questions that may affect individual Class Members include, but are not limited to the following:

>  a.  whether Defendant misrepresented material facts concerning the Products on the label of every product;

>  b.  whether Defendant's conduct was unfair, misleading, and/or deceptive;

>  c.  whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-13-

COMPLAINT

be inequitable for Defendant to retain the benefits conferred upon them by Plaintiff and the classes;

    d.  whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

    e.  whether Defendant breached express warranties to Plaintiff and the classes;

    f.  whether Plaintiff and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

66. Plaintiff's claims are typical of those of other Class Members because Plaintiff, like all members of the classes, purchased Defendant's Products bearing the high protein representations and Plaintiff sustained damages from Defendant's wrongful conduct.

67. Plaintiff will fairly and adequately protect the interests of the classes and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the classes.

68. A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class Members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, making it impracticable for Class Members to individually seek redress for Defendant's wrongful conduct. Even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

69.     The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

70.     The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the interests of the classes even where certain Class Members are not parties to such actions.

## FIRST CLAIM FOR RELIEF

### Violations of the Unfair Competition Law

### Cal. Bus. & Prof. Code §§ 17200 *et seq*.

71.     Plaintiff repeats and realleges each and every factual allegation contained in the foregoing paragraphs as if fully set forth herein.

72.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against the Defendant.

73.     Defendant's conduct constitutes an unfair business act and practice pursuant to California Business & Professions Code §§ 17200, *et seq*. (the "UCL"). The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

74.     Defendant's knowing conduct, as alleged herein, constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200-17208.

75.     Defendant's conduct was and continues to be unfair and fraudulent because, directly or through its agents and employees, Defendant made materially false representations and omissions.

76.     As described herein, Defendant made representations that the Products are

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

1   high in protein and fiber when the Products are not high in protein and fiber.

2      77.   Defendant is aware that the representations and omissions they have made

3   about the Products were and continue to be false and misleading.

4      78.   Defendant had an improper motive—to derive financial gain at the expense

5   of accuracy or truthfulness—in its practices related to the labeling and advertising of the

6   Products.

7      79.   There were reasonable alternatives available to Defendant to further its

8   legitimate business interests, other than the conduct described herein.

9      80.   Defendant's misrepresentations of material facts, as set forth herein, also

10  constitute an "unlawful" practice because they violate California Civil Code §§ 1572,

11  1573, 1709, 1710, 1711, and 1770 and the laws and regulations cited herein, as well as the

12  common law.

13     81.   Defendant's conduct in making the representations and omissions described

14  herein constitutes a knowing failure to adopt policies in accordance with and adherence to

15  applicable laws, as set forth herein, all of which are binding upon and burdensome to their

16  competitors. This conduct creates an unfair competitive advantage for Defendant, thereby

17  constituting an unfair business practice under California Business & Professions Code §§

18  17200-17208.

19     82.   In addition, Defendant's conduct was, and continues to be, unfair in that its

20  injury to countless purchasers of the Products is substantial, and is not outweighed by any

21  countervailing benefits to consumers or to competitors.

22     83.   Moreover, Plaintiff and members of the Class could not have reasonably

23  avoided such injury. Defendant's material misrepresentations and omissions regarding the

24  Products were likely to deceive, and Defendant knew or should have known that its

25  misrepresentations and omissions were untrue and misleading. Plaintiff purchased the

26  Products in reliance on the representations made by Defendant, including that the

27  Products' labeling was accurate as alleged herein, and without knowledge of Defendant's

28  misrepresentations and omissions.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-16-

COMPLAINT

84.     Plaintiff and members of the Class have been directly and proximately injured by Defendant's conduct in ways including, but not limited to, the monies paid to Defendant for the Products, interest lost on those monies, and consumers' unwitting support of a business enterprise that promotes deception and undue greed to the detriment of consumers, such as Plaintiff and members of the Classes.

85.     As a result of the business acts and practices described above, Plaintiff and members of the Classes, pursuant to § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendant and such other Orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

86.     Pursuant to Civil Code § 3287(a), Plaintiff and the members of the Classes are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the class members are entitled to interest in an amount according to proof.

## SECOND CLAIM FOR RELIEF

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code §§ 17500 *et seq*.

87.     Plaintiff repeats and realleges each and every factual allegation contained in the foregoing paragraphs as if fully set forth herein.

88.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against the Defendant.

89.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

reasonable care should be known, to be untrue or misleading."

90.   Defendant committed acts of false advertising, as defined by §§ 17500, *et seq.*, by misrepresenting that the Products were high in protein and fiber.

91.   Defendant knew or should have known through the exercise of reasonable care that its "PACKED WITH PROTEIN & FIBER" representation and other misrepresentations for the Products were false, misleading and/or deceptive.

92.   Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived. Consumers, including Plaintiff and members of the Classes, necessarily and reasonably relied on Defendant's statements regarding the contents of its products. Consumers, including Plaintiffs and members of the Classes, were among the intended targets of such representations.

93.   As a result of Defendant's conduct, Plaintiffs and members of the Classes were harmed and suffered actual damages as a result of Defendant's FAL violations because: (a) they would not have purchased the Products on the same terms if they knew that the Products were not high in protein; (b) they paid a price premium for the Products based on Defendant's Misrepresentations; and (c) the Products do not have the characteristics, ingredients, uses, benefits, or quantities as promised, namely the represented protein content. Additionally, misbranded food products cannot legally be manufactured, held, advertised, distributed or sold. Thus, misbranded food has no economic value and is worthless as a matter of law, and purchasers of misbranded food are entitled to a refund of the purchase price of the misbranded food. Plaintiffs and members of the Classes have thus been damaged either in the full amount of the purchase price of the Products or in the difference in value between the Products as warranted and the Products as actually sold. Defendant has further been unjustly enriched at the expense of Plaintiffs and the members of the Classes.

\\
\\
\\

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-18-

COMPLAINT

## **THIRD CLAIM FOR RELIEF**

### **Violations of the Consumer Legal Remedies Act,**

### **Cal. Civ. Code §§ 1750 *et seq*.**

94.     Plaintiff repeats and realleges each and every factual allegation contained in the foregoing paragraphs as if fully set forth herein.

95.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against the Defendant.

96.     At all times relevant hereto, Plaintiff and Class Members were "consumer[s]," as defined in Civil Code section 1761(d).

97.     At all times relevant hereto, Defendant constituted a "person," as defined in Civil Code section 1761(c).

98.     At all times relevant hereto, the Products manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in Civil Code section 1761(a).

99.     The purchases of the Products by Plaintiff and Class Members were and are "transactions" within the meaning of Civil Code section 1761(e).

100.    Defendant disseminated, or caused to be disseminated, through its packaging, labeling, marketing and advertising misrepresentations that the Products were and are high in protein and fiber.

101.    Defendant's representations violate the CLRA in at least the following respects:

      a. In violation of Civil Code § 1770(a)(5), Defendant represented that the Products have characteristics, ingredients, uses, benefits, and quantities which they do not have;

      b. In violation of Civil Code § 1770(a)(7), Defendant represented that the Products are of a particular standard, quality, or grade, which they are not; and

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

      c.  In violation of Civil Code § 1770(a)(9), Defendant advertised the Products with an intent not to sell the products as advertised.

102.  Defendant knew or should have known that its Products did not contain the claimed characteristics because Defendant manufactured, marketed and sold its Products without those characteristics that it claimed. Defendant knew or should have known that its representations about its products as described herein violated consumer protection laws, and that these statements would be relied upon by Plaintiff and Class Members.

103.  Defendant's actions as described herein were done with conscious disregard of Plaintiff's and the Class Members' rights and was wanton and malicious.

104.  Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendant is still representing that its Products have characteristics which they do not have.

105.  Pursuant to Civil Code section 1782(d), Plaintiff and Class Members seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein, and for restitution and disgorgement.

106.  Pursuant to Civil Code section 1782, Plaintiffs notified Defendant in writing by certified mail of the alleged violations of the CLRA and demanded that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.

107.  With respect to those violations of Civil Code § 1770 as to which notification was received and accepted by Defendant, Defendant failed to respond to Plaintiff's timely demands within 30 days of Plaintiff's notice. Accordingly, Plaintiffs hereby request damages from Defendant as provided for in Civil Code § 1780 including:

      a.  actual damages in excess of the jurisdictional limits of this Court;

      b.  statutory damages allowable under Civil Code § 1780;

      c.  punitive damages;

      d.  attorneys' fees;

      e.  court costs and interest; and

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

1      f.   any other relied which the court deems proper.

2      108.   Pursuant to § 1780(d) of the CLRA, attached as Exhibit A is an affidavit

3  showing that this action was commenced in a proper forum.

4                **FOURTH CLAIM FOR RELIEF**

5                **Breach of Express Warranties**

6      109.   Plaintiff repeats and realleges each and every factual allegation contained in

7  the foregoing paragraphs as if fully set forth herein.

8      110.   Plaintiff brings this claim individually and on behalf of the members of the

9  proposed Classes against the Defendant.

10      111.   As discussed above, Defendant promised and expressly warranted that the

11  Products contained an excellent source of protein and fiber.

12      112.   Plaintiff and Class Members relied on these representations when purchasing

13  Products.

14      113.   These promises and affirmations of fact constitute express warranties that

15  became part of the basis of the bargain between Plaintiff, Class Members, and the

16  Defendant.

17      114.   All conditions precedent to Defendant's liability under the contract,

18  including notice, have been performed by Plaintiff and the Class Members.

19      115.   Defendant has breached the terms of its express warranties by failing to

20  provide the Products as warranted.

21      116.   As a result of Defendant's breach of its warranties, Plaintiff and others

22  similarly situated have been damaged in the amount of the purchase price of the Products.

23                **FIFTH CLAIM FOR RELIEF**

24  **Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law,**

25         **73 Pa. Cons. Stat. §§ 201-2 and 201-3,** *et seq.*

26           **(As to the Pennsylvania Subclass Only)**

27      117.   Plaintiff repeats and realleges each and every factual allegation contained in

28  the foregoing paragraphs as if fully set forth herein.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-21-

COMPLAINT

118.   Plaintiff brings this Count individually and on behalf of the members of the Pennsylvania Subclass.

119.   Defendant is a "person," as meant by 73 Pa. Cons. Stat. § 201-2(2).

120.   Plaintiff and Pennsylvania Class Members purchased goods and services in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or household purposes.

121.   Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. § 201-3, including the following: representing that its goods and services have characteristics, uses, benefits, and qualities they do not have (73 Pa. Cons. Stat. § 201-2(4)(v)); representing that its goods and services are of a particular standard or quality if they are another (73 Pa. Cons. Stat. § 201-2(v)(vii)); and advertising its goods and services with intent not to sell them as advertised (73 Pa. Cons. Stat. § 201-2(4)(ix)); and engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding (73 Pa. Cons. Stat. § 201-2(v)(xxi)).

122.   As alleged more fully above, Defendant has violated the Unfair Trade Practices and Consumer Protection Law by misleadingly, deceptively, and falsely representing to Plaintiff and the other members of the Pennsylvania Subclass that the Products are excellent sources of protein when in fact they are not excellent sources of protein.

123.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers.

124.   As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiff and the Pennsylvania Subclass have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Products.

125.   Plaintiff and other members of the Pennsylvania Subclass lost money or property as a result of Defendant's violations because: (a) they would not have purchased

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

COMPLAINT

the Products on the same terms if they knew that the Products were not excellent sources of protein; (b) they paid a substantial price premium compared to other food products due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

126. Plaintiff and the Pennsylvania Subclass seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $100 (whichever is greater), treble damages, attorneys' fees and costs, and any additional relief this Court deems necessary or proper.

## **RELIEF DEMANDED**

127. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the members of the Classes;

b. For an order declaring the Defendant's conduct violates the statutes and laws referenced herein;

c. For an order awarding, as appropriate, compensatory and monetary damages, restitution or disgorgement to Plaintiff and the Classes for all causes of action;

d. For an order requiring Defendant to immediately cease and desist from selling their misbranded Products in violation of law; enjoining Defendant from continuing to label, market, advertise, distribute, and sell the Products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

e. For prejudgment and postjudgment interest on all amounts awarded;

f. For an order awarding punitive damages; and

g. For an order awarding attorneys' fees and expenses and costs of suit.

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-23-

COMPLAINT

Dated: November 24, 2020

Respectfully submitted,

By: /s/ Joshua D. Boxer                              .

Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

By: /s/ Steffan T. Keeton
Steffan T. Keeton*
**The Keeton Firm LLC**
100 S Commons, Suite 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com
*pro hac vice* to be sought
*Attorneys for Plaintiff and the Class*

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-24-

COMPLAINT

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: November 24, 2020

Respectfully submitted,

By: /s/ Joshua D. Boxer                    .

Matthew J. Matern (SBN 159798)
Joshua D. Boxer (SBN 226712)
**MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901
mmatern@maternlawgroup.com
jboxer@maternlawgroup.com

Corey B. Bennett (SBN 267816)
**MATERN LAW GROUP, PC**
1330 Broadway, Suite 428
Oakland, California 94612
Telephone: (510) 227-3998
Facsimile: (310) 531-1901
cbennett@maternlawgroup.com

By: /s/ Steffan T. Keeton
Steffan T. Keeton*
**The Keeton Firm LLC**
100 S Commons, Suite 102
Pittsburgh, PA 15212
Telephone: (888) 412-5291
stkeeton@keetonfirm.com
*pro hac vice* to be sought

*Attorneys for Plaintiff and the Class*

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, SUITE 200
MANHATTAN
BEACH, CA 90266

-25-

COMPLAINT